**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action Number: 08-CV-01086-MSK-BNB

TIMOTHY BEENE,

      Plaintiff,

vs.

FORD MOTOR COMPANY,
a Delaware corporation,

      Defendant.

---

**STIPULATED SHARING PROTECTIVE ORDER**

---

In order to preserve and maintain the confidentiality of certain confidential, commercial and proprietary documents to be produced by FORD MOTOR COMPANY ("Ford") in this action, IT IS ORDERED that:

1.     Documents to be produced by Ford in this litigation which contain confidential information shall hereafter be referred to as "Protected Documents." Any document or any information designated as "Subject to Protective Order," "Confidential," or other similar language in accordance with the provisions of this Order shall only be used, shown or disclosed as provided in this Order.

2.     As used in this Order, the term "documents" means all written material, videotapes and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise).

3.     The burden of proving that a Protected Document contains confidential technical information is on Ford. Prior to designating any material as "Confidential," a Ford attorney must make a bona fide determination that the material is, in fact, a trade secret, confidential technical information or other commercially sensitive information entitled to protection under Federal Rule of Civil Procedure 26(c)(7), the dissemination of which would damage Ford's competitive position. Such attorney(s) may rely when appropriate on information provided by other, non-lawyer Ford employees or consultants to understand the content or competitive import of such Protected Documents.

4.     ~~If a party disagrees with the "Confidential" designation of any document, the party will so notify Ford in writing. If the parties are unable to agree on the applicability of this~~

~~Protective Order to any such document, Ford will apply to this Court within ten (10) days to set a hearing for the purpose of establishing that said document is confidential. Any document so marked as "Confidential" will continue to be treated as such pending determination by the Court as to its confidential status.~~

**The plaintiff may object to the designation of particular CONFIDENTIAL information by giving written notice to Ford. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of Ford to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If Ford fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, Ford shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.**

5.      The designation of Protected Documents may be made by marking or placing the notice "Subject to Protective Order" or substantially similar notice, on the document, or, where a copy of the original document is to be produced, on that copy.

6.      Protected Documents and any copies thereof received pursuant to paragraph 7 below shall be maintained confidential by the receiving party, his/her attorney, other representatives, and expert witnesses, and shall be used only for preparation for the trial of this matter, subject to the limitations set forth herein.

7.      Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

a.      Counsel of Record for the parties, and the parties;

b.      Non-technical and clerical staff employed by Counsel of Record and involved in the preparation and trial of this action;

c.      Experts and non-attorney consultants retained by the parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford;

d.      The Court, the Court's staff, witnesses, and the jury in this case; and

e.      Attorneys representing plaintiffs and the experts and consultants retained by plaintiffs in other cases pending against Ford involving vehicles equipped with a steering-mounted gear shift lever and asserting

substantially similar allegations as the present case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford.

8.     Plaintiff/Plaintiffs Counsel must make reasonable efforts to insure the individuals described in paragraphs 7(b), 7(c) and 7(e) above are "Qualified Persons".

9.     Before receiving access to any Protected Document or the information contained therein, each person described in paragraphs 7(b), 7(c) and 7(e) above shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto.  Counsel for Plaintiff shall retain each such executed "Written Assurance" and shall keep a list identifying (a) all persons all persons described in paragraphs 7(b), 7(c) and 7(e) above to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons. Each such executed written assurance and list shall be submitted to counsel for Ford within seven (7) days of the disclosure of Protected Documents under this Order and at the termination of this litigation.

10.     As the Protected Documents may only be distributed to "Qualified Persons," Plaintiff/Plaintiffs Counsel, and all persons described in paragraph 7 above, may not post Protected Documents on any website or internet accessible document repository.

11.     To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with the Protected Documents or information.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

12.     ~~Except as may be permitted in accordance with Paragraph 4 above, any document(s) filed with the Court that contain(s) any portion of any Protected Document or information taken from any Protected Document shall be filed pursuant to Local Rules 7.2 and 7.3.~~

**Any request to file documents under seal must comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3.**

13.     Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

14.     Counsel for the parties shall not be required to return the Protected Documents to Ford after the conclusion of this case and may retain the documents pursuant to the terms of this Order.

15.     To the extent Ford is requested to produce documents it feels should not be subject to the sharing provisions of this protective order, Ford does not waive its right to subsequently request that the parties enter into a non-sharing protective order prior to the production of any such documents.

16.     Inadvertent or unintentional production or disclosure of information or documents containing information which should have been designated as "confidential" shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.

17.     ~~This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the parties. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby~~.

18.     After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

19.     This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

20.     All persons described in paragraph 6 above shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the Confidential information contained therein or the fact that such persons have obtained Ford's Protected Documents and Confidential information.

Dated January 9, 2009.

BY THE COURT:

 s/ Boyd N. Boland                          
United States Magistrate Judge

*/s/ Edward C. Stewart*

Edward C. Stewart, #23834
Bryan D. Cross, #28325
Wheeler Trigg Kennedy LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
stewart@wtklaw.com
cross@wtklaw.com

*Attorneys for Defendant Ford Motor Company*

*/s/ William L. Keating*

William L. Keating, #3867
Fogel Keating Wagner Polidori & Shafner, P.C.
1290 Broadway, Suite 600
Denver, Colorado  80203
Bkeating@fkwlaw.com

*Attorney for Plaintiff Timothy Beene*

*/s/ Thomas R. Harkness*

Thomas R. Harkness, #0901000
Whitehurst, Harkness, Ozmun & Brees
1122 Colorado Street, 24th Floor
Austin, Texas   78701
tharkness@whoalaw.com

*Attorney for Plaintiff Timothy Beene*

Civil Action Number: 08-CV-01086-MSK-BNB

TIMOTHY BEENE,

      Plaintiff,

vs.

FORD MOTOR COMPANY,
a Delaware corporation,

      Defendant.

---

## STIPULATED SHARING PROTECTIVE ORDER (EXHIBIT A)

---

**AFFIDAVIT OF** _____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

1.

      I have read the Stipulated Protective Order attached hereto and I understand its terms and meanings.

2.

      I agree that my signature below submits me to the jurisdiction of the United States District Court for the District of Colorado, and binds me to the provisions of the Stipulated Sharing Protective Order entered in the above captioned matter, including to all promises undertaken in the Order, as if originally agreed by me.

Further Affiant sayeth not.

This ___ day of _____, 2009.


_____
AFFIANT


SUBSCRIBED AND SWORN to before me
this ___ day of _____, ____.
_____
NOTARY PUBLIC

My Commission Expires:


740489v.1