IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-01086-MSK-BNB

TIMOTHY BEENE,

Plaintiff,

v.

FORD MOTOR COMPANY,

Defendant.

_____

**ORDER**
_____

This matter arises on the **Joint Motion to Amend the Scheduling Order** [Doc. # 54, filed 10/13/2009] (the "Motion"), which is GRANTED IN PART as specified.

I entered a Scheduling Order in this case on July 18, 2008, which established a two part expert disclosure process.  Pursuant to the Scheduling Order, the parties were required to disclose principal experts (where they bore the burden of proof) by February 13, 2009, and were required to disclose rebuttal experts (where they were rebutting the other party's expert) by March 13, 2009.  Subsequently, by an Order [Doc. # 49] entered on September 25, 2009, I denied the defendant's motion to strike the plaintiff's supplemental expert disclosure and I extended the expert disclosure deadline, all to allow the plaintiff to designate Barbara Morrison, a licensed psychotherapist providing psychological counseling to the plaintiff.  The extension was necessary because the plaintiff received fibular lengthening surgery in July 2009, and the results of that surgery will not be known for four to six months.  According to the plaintiff's health care provider:

> Since his most recent surgery, Mr. Beene has experienced increased problems with mood and anxiety. I am recommending that he begin counseling for depression . . . and anxiety-- . . . both related to his injuries in 2006.

Plaintiff's Response to Defendant's Motion to Strike Plaintiff's Supplemental Expert Disclosure [Doc. # 44] at p. 3.

In connection with allowing the supplemental expert disclosure, I required the parties to submit a proposed amendment to the scheduling order addressing the deadlines and discovery limitations necessitated by my order allowing the designation of Ms. Morrison. That resulted in the instant Motion. The parties request the following:

1. That the plaintiff be allowed until December 15, 2009, to serve his supplemental Rule 26(a)(2)(B) expert disclosures and provide supplemental medical/psychological treatment records;

2. That the defendant be allowed until January 30, 2010, to serve its supplemental Rule 26(a)(2)(B) expert disclosures "occasioned by [p]laintiff's new/updated disclosures";

3. That the plaintiff be allowed until February 19, 2010, to serve "his rebuttal expert(s) disclosure"; and

4. Establishing a discovery cut-off for medical/psychological/damages claims of March 15, 2010.

The proposed modification of the case schedule goes far beyond anything required by my order allowing the designation of Ms. Morrison as an expert. It was not my intention in allowing the designation of Ms. Morrison to reopen expert discovery generally. Nor did I intend to expand the expert disclosure process from two parts (principal and rebuttal) to three parts (plaintiff's principal, defendant's principal and rebuttal, and plaintiff's rebuttal). To the

contrary, I have allowed the plaintiff to designate Ms. Morrison, and I will set a deadline for her final report and disclosures. Thereafter, I will allow the defendant reasonable discovery directed at Ms. Morrison's opinions and an opportunity to file any expert report rebutting Ms. Morrison's opinions, and I will allow the plaintiff to depose any defense expert offered in rebuttal to Ms. Morrison.

IT IS ORDERED that the Motion is GRANTED IN PART, and the case schedule is modified to the following extent:

The plaintiff shall provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) concerning the opinions of Barbara Morrison on or before **December 15, 2009**.

The defendant shall designate all experts in rebuttal to Barbara Morrison and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) concerning those rebuttal experts on or before **January 25, 2010**.

Expert discovery is extended to and including **February 19, 2010**, solely to allow for the depositions of Barbara Morrison and any experts designated by the defendant in rebuttal to the opinions of Ms. Morrison.

IT IS FURTHER ORDERED that the Motion is DENIED in all other respects.

Dated October 14, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge