IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-01086-MSK-BNB

TIMOTHY BEENE,

        Plaintiff,

v.

FORD MOTOR COMPANY,

        Defendant.

_____

**OPINION AND ORDER DENYING MOTION TO AMEND PRETRIAL ORDER**
_____

**THIS MATTER** comes before the Court pursuant to Mr. Beene's Motion to Amend the Pretrial Order **(# 156**, as supplemented **# 158)**, to which Defendant Ford filed no opposition; and Mr. Beene's Renewed Motion to Amend the Pretrial Order **(# 160)**, Ford's response **(# 161)**, and Mr. Beene's reply **(# 162)**.[1]

The Court assumes familiarity with the proceedings to date in this action. In summary, Mr. Beene proceeded to trial in June 2010. The jury was unable to reach a verdict and the Court declared a mistrial, scheduling a new trial for June 2011. Mr. Beene states that discussions with the original jurors suggested that Mr. Beene should have attempted to present additional

---

[1] Also pending is Ford's Motion In Limine to Exclude Evidence of Product Improvements **(# 114)**, which has been subsumed (and thus mooted) by evidentiary rulings during trial; and Ford' Motion for Protective Order **(# 163)** from deposition notices issued by Mr. Beene in anticipation of the granting of his motion seeking amendment of the Pretrial Order. Because the Court denies Mr. Beene's request for leave to take additional discovery, the Court withdraws the reference **(# 164)** of the Motion for Protective Order to the Magistrate Judge and denies that motion.

1

evidence on a particular point of fact. Mr. Beene did not obtain that evidence during the original discovery phase of this suit.

Mr. Beene moved **(# 156**, as supplemented **# 158)** to amend the Pretrial Order[2] **(#50, 52)** to reopen discovery, allowing Mr. Beene to serve additional requests for production and interrogatories, to permit depositions of "all . . . Ford (or former Ford) witnesses" disclosed as a result of this additional discovery, to permit depositions of "all former owners [of Ford vehicles] who have experienced other similar incidents," to allow additional expert review of the new information and supplementation as necessary of expert reports, and for submission and approval of a new Proposed Amended Pretrial Order encompassing the new information. Mr. Beene argues that sufficient time remains before the commencement of the rescheduled trial to permit such discovery to be completed, that there would be no surprise or prejudice to Ford because Mr. Beene previously requested (but did not obtain) this information prior to the first trial and because, Mr. Beene contends, this issue "has been raised and inquired about by [him] since the inception of the case."

Ford did not initially respond to Mr. Beene's motion. Some time later, Mr. Beene submitted a renewed motion **(# 160)**, this time proposing alternative relief: if the Court was not amenable to the relief initially requested, Mr. Beene sought that "the Court amend the Final Pretrial Order to allow submission [to the jury] on [a new claim] of negligent design, allow Defendant Ford to identify which additional witnesses and documents it may use to defend that

---

[2]In essence, the amendment would be to Section 8 of the Pretrial Order that notes that, "with the exception of [discovery on] Plaintiff's ongoing medical treatment and condition," "[a]ll discovery has been completed." Instead, Mr. Beene would presumably amend this section to grant an implicit request to reopen discovery under the Scheduling Order and permit him to engage in the written and oral discovery he seeks.

claim, and allow [Mr. Beene] to depose by subpoena duces tecum Ford Engineer Chuck Carlson and Dave West, the two individuals identified by Ford at trial as having the most knowledge regarding Ford's design actions on the shift tube."

Ford filed an opposition **(# 161)** to this renewed motion, noting that the Court had previously ruled that any negligent design claim would be subsumed within the existing strict products liability claim under Colorado law, and thus, submission of a new claim would be futile; that Mr. Beene had ample opportunity during the original discovery period to obtain the information he now seeks; and that the two specific individuals Mr. Beene's renewed motion seeks to depose are no longer employed by Ford and would thus have to be deposed through complicated non-party subpoena practice.

In reply **(# 162)**, Mr. Beene concedes that a separate negligent design claim would be superfluous, but contends that discovery should be reopened because Ford "refused throughout written discovery to provide [the requested] information." Mr. Beene acknowledges that his counsel initially "made a tactical decision" not to seek additional discovery prior to the original trial in order to preserve that trial date, but admits that "in hindsight, that was a mistake." He nevertheless presses his request to engage in additional written discovery from Ford and non-party deposition discovery from the former Ford engineers.

There is no dispute that the governing law on Mr. Beene's motion is found in *Davey v. Lockheed Martin Corp.,* 301 F.3d 1204, 1208-10 (10th Cir. 2002) and *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000). Pursuant to Fed. R. Civ. P. 16(e), a Pretrial Order may be modified "only to prevent manifest injustice." The party moving for such modification – here, Mr. Beene – bears the burden of proving that manifest injustice will result absent the

amendment.  *Id.* at 1208.

Although "manifest injustice" is the only standard that this Court must consider, the 10th Circuit has explained that, when reviewing a decision by this Court to deny a request to amend the Pretrial Order, it will consider: (i) the extent of prejudice or surprise to the nonmoving party if the amendment were permitted; (ii) the ability of that party to cure any prejudice; (iii) disruption to the litigation by inclusion of the new issue; and (iv) bad faith by the party seeking to modify the order.  *Koch*, 203 F.3d 1202, 1222 & n. 10 (explaining that "[t]his court has never imposed [ ] a requirement [that the district court consider the listed factors] when deciding whether to amend a pretrial order or allow evidence or issues outside the pretrial order to be presented; rather, we have always discussed these factors as matters which *this court* should consider to determine if the district court's decision constitutes an abuse of discretion") (emphasis in original).

The threshold issue that the Court must first address is whether Mr. Beene has made a *prima facie* showing that "manifest injustice" will result if he is not permitted to modify the Pretrial Order.  By his own admission, he made a "tactical decision" not to attempt to obtain the requested material prior to the first trial, only to now realize that this was a "mistake."  The Court has significant reservations against finding that a party's regret over an unwise tactical choice is the kind of "manifest injustice" that Rule 16(e) is intended to encompass.  *Joseph Mfg. Co. v. Olympic Fire Corp.,* 986 F.2d 416, 419-20 (10th Cir. 1993), aptly demonstrates this notion.  There, at the pretrial conference, Olympic knowingly failed to inform the trial court that concurrent state proceedings might result in a state judgment that could have preclusive effect on the federal case, and the court entered a Pretrial Order that made no mention of a defense of

preclusion. Subsequently, the state case resolved favorably to Olympic, and Olympic sought leave to amend the Pretrial Order to permit it to assert the defense of preclusion. The trial court granted Olympic leave to do so under Rule 16(e), but the 10th Circuit reversed. The Court of Appeals explained that "Olympic's counsel knew of the existing state action and its potential effect upon the parties prior to the entry of the federal pretrial order; therefore, his failure to timely raise the defense cuts deeply against his claim of manifest injustice." *Id.* at 420. The court cited, with approval, a quotation from 6A Wright & Miller, Federal Practice and Procedure, § 1527, to the effect that "if the . . . issue was within the knowledge of the party seeking modification of the pretrial order at the time of the pretrial conference . . . then [amendment] may not be allowed." *Id.*

Here, Mr. Beene admits that he knew, at the time of the pretrial conference, that he had an arguable basis to assert a right to obtain the discovery at issue here, but he purposefully elected to remain silent on the matter. If anything, this admittedly "tactical" decision makes Mr. Beene more culpable for the present situation than Olympic was in *Joseph*; there, the court seemed to recognize that Olympic's failure to raise the issue at the pretrial conference was a result of Olympic's uncertainty as to the significance of the state court proceeding, not a conscious, tactical decision that Olympic might have thought could inure to its benefit. *Id.* at 419. Thus, consistent with the 10th Circuit's finding in *Joseph*, "if any injustice ever arose from these facts, it is the effect of [Mr. Beene's] silence," and is not properly remedied through Rule 16(e). *Id.* at 420.

But assuming that the determination of "manifest injustice" is driven solely by the *Koch/Davey* factors, this Court would nevertheless conclude that those factors do not tip in Mr.

Beene's favor. For purposes of this discussion, the Court will assume that Mr. Beene is correct in stating that the discovery he requests could be accomplished prior to the rescheduled trial date, such that the "disruption of proceedings" factor (and, even arguably, the "ability to cure the prejudice" factor, to some extent) would tip in Mr. Beene's favor. But the two critical factors – extent of prejudice to Ford and the bad faith factors tip significantly against him.

Taking the latter factor – bad faith of Mr. Beene – first, although the Court does not accuse Mr. Beene of "bad faith" in the sense of malfeasance or impropriety, the Court also notes that the current situation is not the result of a good faith mistake by Mr. Beene. By his own admission, his failure to obtain the requested discovery earlier was a tactical choice that, in hindsight, has backfired on him. Under these circumstances, the Court would find that the "bad faith" factor tips strongly against permitting amendment.

The prejudice factor also weighs against Mr. Beene. Ford points out that allowing the requested discovery at this time would be prejudicial to it because "reopening discovery . . . is likely to necessitate . . . [additional] motion practice" that Ford would not be required to participate in if the *status quo* were maintained. This point is well-taken: Mr. Beene is not seeking to obtain evidence newly-discovered by both parties; rather, he is seeking to obtain evidence that, he admits, he previously requested and that Ford declined to provide on grounds of relevance. One would expect that, were the Court to grant Mr. Beene's current request, Ford's immediate response would be a motion for a protective order from that discovery request on the grounds that that material sought was either irrelevant or cumulative. As the prayer for relief in Mr. Beene's original motion noted, his ability to obtain the requested evidence might also require modification of expert opinions, which in turn might prompt disputes under Fed. R.

Evid. 702 as to the foundation for any new opinions, also multiplying proceedings.  This is prejudicial to Ford in several ways that cannot be readily remedied: the additional proceedings will require Ford to incur legal and/or document production expenses that it would not incur under the Pretrial Order as currently drafted, and it may be required to reframe or redevelop its trial presentation from that previously used to incorporate the new information, rather than simply relying on essentially the same trial preparation materials from the first trial, among others.  Accordingly, the Court finds that the prejudice element (and to some extent, the ability to remedy that prejudice) tips significantly in favor of Ford as well.

Under these circumstances, the Court finds that Mr. Beene has failed to carry his burden of showing that "manifest injustice" will result if he is not permitted to amend the Pretrial Order.  Accordingly, his motions **(# 156, 158**, **160)** seeking such relief are **DENIED**.  As noted above, Ford's Motion In Limine **(# 114)** is **DENIED AS MOOT**.  The Court withdraws the reference **(# 165)** of Ford's Motion for Protective Order **(# 163)** to the Magistrate Judge and that motion is **DENIED AS MOOT**.

Dated this 25th day of February, 2011

                    **BY THE COURT:**

                    *Marcia S. Krieger*

                    Marcia S. Krieger
                    United States District Judge