IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-01086-MSK-BNB

TIMOTHY BEENE,

    Plaintiff,

v.

FORD MOTOR COMPANY,

    Defendant.

_____

OPINION AND ORDER REGARDING POST-JUDGMENT MOTIONS
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion to Impose Noneconomic Damages **(# 224)**, the Defendant's response **(# 231)**, and the Plaintiff's reply **(#234)**; the Plaintiff's Motion to Alter Judgment to Include Prejudgment Interest **(# 225,** as amended **# 227)**, to which no responsive papers were filed; and the Defendant's Motion for Judgment as a Matter of Law or, in the alternative, a New Trial **(# 229)**, the Plaintiff's response **(# 235)**, and the Defendant's reply **(# 236)**.[1]

Mr. Beene was injured when the transmission on a vehicle manufactured by Defendant Ford Motor Company slipped from near the "Park" position to a neutral position, allowing the vehicle to roll forward and hit Mr. Beene. Mr. Beene commenced this action, asserting claims sounding in products liability against Ford. The case proceeded to a jury trial in June 2011, and

---

[1] Also pending is the Plaintiff's Motion for Ruling **(# 237)**. Because this Opinion and Order constitutes the requested ruling, this motion is denied as moot.

the jury returned a verdict in favor of Mr. Beene, awarding him $ 600,000 in non-economic losses, $ 522,000 in past economic losses, $ 543,000 in future economic losses, and $ 1.9 million in damages for physical impairment or disfigurement.  The jury also found that a non-party was 15% responsible for Mr. Beene's injuries.  Thus, pursuant to Colorado law, the Court reduced the jury's award by 15% and entered judgment **(# 212)** in favor of Mr. Beene in the amount of $3,030,250.  Both parties have now filed motions directed at the judgment, which the Court will address in turn.

Mr. Beene's Motion for Award of Noneconomic Damages **(# 224)** relates to the provisions of C.R.S. § 13-21-102.5(3)(a).  That statute provides that an award of non-economic damages shall not exceed $ 250,000 (adjusted for inflation), unless the Court finds "justification" for a greater sum by clear and convincing evidence.  Mr. Beene argues that the evidence at trial clearly and convincingly justifies an award of the full $ 510,000 (the $ 600,000 jury award reduced by the non-party's 15% comparative fault) awarded by the jury.  Ford argues that the evidence does not support an enhanced award, and that the non-economic award to Mr. Beene should be reduced to the inflation-adjusted statutory cap.

Mr. Beene's motion on this point is somewhat perplexing, as the Court's judgment – issued prior to Mr. Beene filing his motion – awarded the full $ 510,000 in non-economic damages.  The judgment figure of $ 3,030,250 reflects the full amount awarded by the jury in each category of damages, reduced by 15%, which necessarily includes the $ 510,000 figure.  It is not clear to the Court whether Mr. Beene simply overlooked this fact, although Mr. Beene's reply brief appears to acknowledge the existing judgment, asking the Court to "confirm[ ] the judgment amount already entered."  It may be that Mr. Beene believes that Colorado law

requires <u>express findings by the Court in order to support the award of enhanced non-economic damages</u> in the judgment, although the parties' filings do not cite authority on addressing that particular point.  *But see Colwell v. Mentzer Investments, Inc.*, 973 P.2d 631, 639 (Colo. App. 1998) ("While there must be a justification by clear and convincing evidence, the trial court is not required to make a specific finding of clear and convincing evidence").  Moreover, the Court notes that Ford, the party that presumably would be aggrieved by the Court's entry of the full non-economic award, did not independently move for relief under C.R.S. § 13-21-102.5(3)(a).[2]

The Court finds that Mr. Beene's motion does not require a ruling, and thus the motion is denied as moot.  (The Court further adds that, to the extent that express findings of justification are statutorily required, the Court would find sufficiently clear and convincing evidence in the record of the nature and extent of Mr. Beene's noneconomic damages – most notably pain and suffering and loss of enjoyment of life – to justify the award in excess of the statutory cap.)

Next, the Court turns to Mr. Beene's Motion to Alter Judgment to Include Prejudgment Interest **(# 225,** as amended **# 227)**.  An award of prejudgment interest in a personal injury action is mandated under Colorado law.  C.R.S.  13-21-101(1), *James v. Coors Brewing Co.*, 73 F.Supp.2d 1250, 1254-55 (D.Colo. 1999).  Under the statute, simple interest at the rate of 9% runs from the date of the injury – here, June 7, 2006 – to the date of filing, and annually-compounded interest, also at a 9% statutory rate, runs from the date of filing to the date of

---

[2]Ford's response **(# 231)** requests that the Court "enter judgment reducing Plaintiff's award for noneconomic damages to the statutory cap."  It is not clear whether Ford, too, overlooked the existing judgment, or whether this is a request that the Court revisit the existing judgment in order to reduce it.  To the extent Ford's request is construed to be the latter, the Court notes that the Local Rules prohibit a party from including a request for affirmative relief in a brief responding to a motion.  D.C. Colo. L. Civ. R. 7.1(C) ("A motion shall not be included in a response or reply to the original motion").

satisfaction of the judgment.[3]  C.R.S. § 13-21-101(1).  Although Mr. Beene's motion indicates that Ford "may oppose the pre-judgment interest calculations," Ford has not done so.  Accordingly, the Court grants Mr. Beene's motion, and the judgment is deemed amended to include an award of prejudgment interest on the terms set forth in the motion.

Finally, Ford moves for judgment as a matter of law, or, in the alternative, for a new trial **(# 229)**, arguing that Mr. Beene failed to prove that the product was unreasonably dangerous at the time of sale.  Viewing the evidence in the light most favorable to Mr. Beene, as the Court must do in assessing a motion under Fed. R. Civ. P. 50, *Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc*. 532 F.3d 1063 (10th Cir. 2008), the Court finds sufficient evidence to support a conclusion that the vehicle's transmission was unreasonably dangerous.  Although Ford is correct that the shift tube bushing was secured in place as of the time of manufacture, the evidence at trial revealed that, even at that time, the design of the bushing had a latent defect – with reasonably anticipated wear, the bushing could eventually move out of place.  The evidence also established that, with the bushing out of place, it was possible for an inattentive driver to fail to complete a shift into "Park," leaving the vehicle in a condition where it could roll.

As to Ford's argument that the Court erred in allowing Mr. Beene to argue in closing that Ford's failure to warn of the defect allowed Mr. Beene to reference a "failure to warn" claim that the Court had found "insufficient evidence to support," Ford misunderstands the Court's ruling.  The Court did not find that Mr. Beene's failure to warn claim was unsupported; rather, the Court found that, conceptually, the failure to warn claim and the defective design claim were

---

[3]Mr. Beene's interest calculations assume that 28 U.S.C. § 1961 displaces the Colorado statute for purposes of accrual of post-judgment interest.

conceptually-similar, so much so that the efficient and prudent course of action would be to instruct the jury only on the design defect claim, even though a failure to warn claim was also arguably extant. The Court's ruling allowing Mr. Beene to argue that both the design defect and Ford's failure to warn of it were factors that contributed to Ford's comparative fault reflected the fact that both claims were colorable, even though the jury was not aware that it was, for practical purposes, deciding two claims at once. Accordingly, the Court finds no error in permitting Mr. Beene to touch on both theories in his closing argument.

Finally, the Court finds that Mr. Beene's reference to the amount of his settlement with the Town of Ridgeway was not so prejudicial that a new trial is warranted. The Court instructed the jury that Mr. Beene's counsel's statements regarding the amount of the settlement were not evidence to be considered, and the Court presumes the jury abided by that instruction. *CSX Transp., Inc. v. Hensley*, 129 S.Ct. 2139, 2141 (2009). Indeed, although Mr. Beene mentioned that the settlement was "two percent" of Mr. Beene's damages, the jury certainly did not take that mention as a cue to limit the non-party's comparative fault to that "minuscule" amount. Rather, it found the non-party to be 15% at fault, a considerably higher figure and more significant figure. This finding strongly suggests that the jury was not unduly influenced by Mr. Beene's comment.

Accordingly, Ford's motion is denied in its entirety.

For the foregoing reasons, the Plaintiff's Motion to Impose Noneconomic Damages **(#224)** is **DENIED AS MOOT**. The Plaintiff's Motion to Alter Judgment to Include Prejudgment Interest **(# 225,** as amended **# 227)**, is **GRANTED**, and the judgment is **DEEMED AMENDED** to reflect an award of prejudgment interest as calculated in the Plaintiff's motion.

The Defendant's Motion for Judgment as a Matter of Law or, in the alternative, a New Trial **(# 229)** is **DENIED**. The Plaintiff's Motion for Ruling **(# 237)** is **DENIED AS MOOT**.

Dated this 13th day of January, 2012

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge